IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00668-KDB

| | |
|---|---|
| ROBERT MCCOY, JR., <br><br> Appellant, <br><br> v. <br><br> ACE MOTOR ACCEPTANCE CORPORATION, <br><br> Appellee. | **ORDER** |

**THIS MATTER** is before the Court on Ace Motor Acceptance Corporation's ("Ace") Motion of Appellee for Order Dismissing Appeal of Interlocutory Order; Motion for Order Awarding Damages for Frivolous Appeal (Doc. No. 2) ("Motion"). Appellant Robert McCoy, Jr., ("McCoy") has not filed a response to Ace's Motion and the time for doing so has long passed. For the reasons stated briefly herein, the Court will **GRANT IN PART** and **DENY IN PART** Ace's Motion (Doc. No. 2).

## I. BACKGROUND

This appeal stems from an adversarial bankruptcy proceeding between Ace, a former floor plan lender for used car dealerships, and McCoy Motors, LLC, Misty McCoy, and McCoy (collectively, "McCoy Defendants"). Ace claims that the McCoy Defendants owe it more than $1,000,000. This adversary proceeding began in the Bankruptcy Court on June 18, 2018 and remains pending in the District Court today with unfortunately little to no progress towards

resolution.[1] A more complete and thorough history of this case can be found on the Bankruptcy Court's docket, No. 18-03036, and the District Court's docket, No. 3:18-cv-630.

McCoy appeals the order of the Bankruptcy Court (Bnk. Doc. No. 130)[2] denying his motion to reconsider the court's prior order (Bnk. Doc. No. 128) denying his motion to quash subpoenas. The lead up to the Bankruptcy Court's ruling is as follows: On November 20, 2018, Ace filed a motion for an order granting it leave to file a second amended complaint with additional parties and additional causes of action. (Bnk. Doc. No. 99). The Bankruptcy Court scheduled a hearing on the motion to be held in late December 2018. Because the McCoy Defendants had failed to provide Ace with financial information (some of which the Bankruptcy Court had already ordered be turned over), counsel for Ace served subpoenas on McCoy Motors and several non-parties seeking relevant financial documents in advance of the hearing. No subpoena was issued to McCoy. After Ace's filing of Notices of Intent to Serve Subpoenas (Bnk. Doc. Nos. 116, 119), McCoy filed a motion to quash all subpoenas contained in Ace's notices. (Bnk. Doc. No. 125). The Bankruptcy Court denied McCoy's motion, stating:

> Although McCoy suggests that it is necessary for the subpoenas to be accompanied by a letter in order to be enforceable in a foreign jurisdiction, this is not an accurate statement of the applicable law. These are Federal subpoenas under Federal Rule of Civil Procedure Rule 45, not State subpoenas. The letter referenced in the Motion is not required for a Federal subpoena. Rule 45 provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person . .

---

[1] In large part, this case has not progressed due to McCoy and Misty McCoy's failure to comply with court orders. McCoy was held in contempt by the Bankruptcy Court in an order dated October 19, 2018 (Bnk. Doc. No. 47). He has failed to purge his contempt for over a year. A second show cause hearing was held on December 19, 2019 where this matter was referred a second time to the United States Attorney for the Western District of North Carolina for prosecution and investigation into the alleged fraudulent and perjurious conduct of McCoy and Misty McCoy.

[2] Citations to the Bankruptcy Court's docket, No. 18-03036, are designated as "Bnk. Doc. No." Citations to the docket in this case, 3:18-cv-668, are designated as "Doc. No."

> . ." Thus, the subpoenas issued by the Plaintiff's counsel were properly issued and are enforceable.

(Bnk. Doc. No. 127; Doc. No. 1-1). The day after the Bankruptcy Court's order was filed, McCoy filed a motion to reconsider. (Bnk. Doc. No. 128). The Bankruptcy Court denied McCoy's motion to reconsider because the motion did "not demonstrate any grounds to reconsider under Federal Rule of Bankruptcy Procedure 9024 or Federal Rule of Civil Procedure 60." (Bnk. Doc. No. 130; Doc. No. 1-2). McCoy filed this appeal on December 14, 2018, using a standard check-box notice of appeal form. (Doc. No. 1)

## II. DISCUSSION

### A. Jurisdiction

This Court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order McCoy seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, the Court will dismiss the appeal for lack of jurisdiction.

Any "final judgment, order, or decree of a bankruptcy judge" may be appealed. 28 U.S.C. § 158(a), Fed. R. Bankr. P. 8001(a) (district courts from bankruptcy courts); 28 U.S.C. §§ 158(d), 1291 (circuit courts from district courts). Generally, a case in federal district court culminates in a final decision when "a ruling 'by which a district court disassociates itself from a case'" is entered. *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1691 (2015)(alteration in original) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995)). However, "[t]he rules are different in bankruptcy. A bankruptcy case involves 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Id.* at 1692 (quoting 1 Collier on Bankruptcy ¶ 5.08 (16th ed. 2014)). Thus, the "concept of finality in

bankruptcy cases 'has traditionally been applied in a more pragmatic and less technical way . . . than in other situations.'" *In re Computer Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986)). As a guiding principal, "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Bullard*, 135 S. Ct. at 1692.

Numerous courts have held generally that a bankruptcy court's discovery orders lack finality and are interlocutory for the purposes of § 158(a). *See, e.g.*, *In re Tullius*, 500 F. App'x 286, 289 (5th Cir. 2012) ("Notwithstanding this more flexible approach to finality in bankruptcy appeals, federal courts have concluded overwhelmingly that a bankruptcy court's discovery orders are interlocutory decisions from which an appeal to the district court does not lie as a matter of right."); *Coleman v. Simpson* (*In re Coleman Craten, LLC*), 15 Fed. App'x 184 (table), 2001 WL 987034 (4th Cir. 2001) (denying the district court's order denying party's motion for leave to appeal the bankruptcy court's order granting in part and denying in part the trustees' motion to compel); *Vance v. Lester* (*In re Vance*), 165 F.3d 34 (table), 1998 WL 783728, at *1 (7th Cir. 1998) (noting that a bankruptcy court's discovery orders are interlocutory); *In re Jeannette Corp.*, 832 F.2d 43, 46 (3d Cir. 1987) ("In civil litigation, discovery orders are, with rare exception, non-appealable. A similar approach applies in bankruptcy cases.") (citations omitted); *W.S. Badcock v. Corp. v. Beaman*, No. 4:14-CV-169-BO, 2015 WL 575422, at *2 (E.D.N.C. Feb. 11, 2015) (noting that bankruptcy discovery orders are interlocutory).

Outside the context of bankruptcy court, the Supreme Court has held "that one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently

cited for contempt on account of his failure to obey." *United States v. Ryan*, 402 U.S. 530, 532 (1971) (citing *Cobbledick v. United States*, 309 U.S. 323 (1940)). Similarly, the Fourth Circuit has held that "[o]rders enforcing subpoenas issued in connection with civil and criminal actions, or with grand jury proceedings, are normally not considered final. To obtain immediate review of such a district court enforcement order, the party to whom it is issued must defy it so that a contempt order, which is considered final, is entered against him." *Reich v. Nat'l Eng'g & Contracting Co.*, 13 F.3d 93, 95 (4th Cir. 1993) (citations omitted); *see also Mwabira-Simera v. Edmondson*, 485 Fed. Appx. 631 (4th Cir. 2012) (dismissing appeal of district court's order denying motion to quash subpoenas as interlocutory).[3]

Moreover, several courts have held that bankruptcy court orders denying motions to quash subpoenas are interlocutory and not subject to immediate appeal. *See In re Yanik*, 8 F.3d 34 (table) (9th Cir. 1993) (holding that an order granting a motion to quash a subpoena was an interlocutory order and not appealable as of right); *Decker v. Scott*, No. 5:19-cv-9, 2019 WL 4491332, at *2 (Sept. 18, 2019) ("Finding that the bankruptcy court's order denying [plaintiff's] motion to quash is not a final order as required for the court to assert jurisdiction pursuant to 28 U.S.C. § 158(a), the court will dismiss the appeal for lack of subject-matter jurisdiction."); *In re Santiago*, No. 10-17135, 2011 WL 1257209 (N.D. Ohio March 31, 2011) (holding the Bankruptcy Court's decision on a motion to quash a subpoena is an interlocutory order not appealable by right); *Countrywide Home Loans v. Office of the U.S. Trustee*, No. 08-617, 2008 WL 2388285, at *3–4 (W.D. Pa. June

---

[3] The fact that McCoy himself was never served with a subpoena raises serious questions as to his standing on appeal. This alone may be enough to dismiss his appeal. *See Kingdom Fresh Produce, Inc. v. Stokes Law Office, L.L.P.* (*In re Delta Produce, L.P.*), 845 F.3d 609, 619 (5th Cir. 2016) (stating that a putative appellant in a bankruptcy case must satisfy a heightened, prudential requirement of being a person that is directly aggrieved by the order); *In re El San Juan Hotel*, 809 F.2d 151, 154-55 (1st Cir. 1987) (stating that an appellant is a person aggrieved if the order directly "diminishes his property, increases his burdens, or impairs his rights.").

5

11, 2008) (finding that a bankruptcy court's order denying in part Countrywide's objections and motion to quash was not a final order).

The Bankruptcy Court's order in this case denied McCoy's motion to quash Ace's subpoenas, and thus allowed discovery to proceed. Consequently, the Court finds that it lacks jurisdiction to hear McCoy's appeal of the Bankruptcy Court's order on a discovery dispute.

The Court further notes that an interlocutory appeal is not appropriate in this case. McCoy did not seek leave to appeal the Bankruptcy Court's interlocutory order pursuant to § 158(a)(3). Moreover, the appeal does not meet the three-factor test of 28 U.S.C. § 1292, which governs appeals of interlocutory bankruptcy orders. *See Atl. Textile Grp., Inc.* v. *Neal*, 191 B.R. 652, 653 (E.D. Va. 1996); *see also W.S. Badcock Corp.*, No. 4:14-cv-169-BO, 2015 WL 575422, at *2 ("[A]ppeal from an interlocutory order is appropriate when (1) the order involves a controlling question of law; (2) there is substantial ground for a difference of opinion; and (3) allowing an immediate appeal would materially advance the litigation."). Nor does McCoy's appeal meet the prerequisites of asserting jurisdiction under the collateral order doctrine. *Joseph v. Lindsey* (*In re Lindsey*), 212 B.R. 373, 375 (B.A.P. 10th 1997)(noting that because the appellant could obtain effective review later, the collateral order doctrine standard was not met).

**B. Damages and Costs for a Frivolous Appeal**

Ace's counsel asserts that McCoy's appeal from the Bankruptcy Court's order is frivolous and requests this Court award him damages and costs. Federal Rule of Bankruptcy Procedure 8020 (Frivolous Appeal and Other Misconduct) states that "[i]f the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bank. P. 8020.

While this Court agrees with Ace that McCoy's appeal was frivolous and an attempt to delay the Bankruptcy proceedings, Ace's request for damages and costs is denied as not being in "a separately filed motion." *See, e.g.*, *In re Kyle*, 317 B.R. 390, 395 (9th Cir. 2004) ("To the extent Federal Rule of Bankruptcy Procedure 8020 applies, the requests are rejected as not being in 'a separately filed motion' as required by that rule."); *In re Meabon*, No. 3:15-cv-0398-RJC, 2017 WL 374921 (W.D.N.C. Jan. 25, 2017) (ruling on a separately filed motion for damages and costs for a frivolous appeal under Rule 8020); *LeLiever v. Ward*, No. 3:13-cv-204-GCM, 2013 WL 1891289 (W.D.N.C. May 6, 2013) (ruling on a separately filed motion for damages and costs for a frivolous appeal under Rule 8020); *In re Parsons*, 272 B.R. 735 (D. Colo. 2001) ("Kennedy did not file a separate motion as required by rule 8020, but rather included his rule 8020 for damages and costs in response brief.").

Ace's motion for damages and costs is denied without prejudice. If Ace chooses to file a separate motion for damages and costs under Rule 8020, this Court asks that counsel include the amount of attorney's fees and any other costs related to this appeal.

### III. ORDER

It is hereby ordered that Ace's Motion to Dismiss (Doc. No. 2) be **GRANTED** to the extent it requests dismissal of McCoy's appeal, and **DENIED** without prejudice as to Ace's request for damages and costs pursuant to Rule 8020. McCoy's Notice of Appeal (Doc. No. 1) is **DISMISSED.**

**SO ORDERED.**

Signed: December 20, 2019

Kenneth D. Bell
United States District Judge